**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RASHUNUS PEARSON, #431362,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-cv-0578** |
| | ) | |
| **MINDY MOORIS, MARTESHA JOHNSON, JAMAAL BOYKIN, JEFFERY DIAGLE, KYLE PARKS, and THERE EMPLOYERS,** | ) | **Chief Judge Sharp** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Rashunus Pearson, an inmate in the custody of the Davidson County Sheriff's Office, filed a complaint under 42 U.S.C. § 1983 against defendants Mindy Mooris, Martesha Johnson, Jamaal Boykin, Jeffery Diagle, Kyle Parks, and "there employers" [sic]. (ECF No. 1.) The plaintiff lists as "additional defendants" in the body of the complaint the defendants' employers: "Public Defendants," "Boykin & Stevenson," "Jeffery Diagle – office," and "Stewart Johnson." (ECF No. 1, at 3.) The Court takes judicial notice that Martesha Johnson is employed by the Metropolitan Public Defender's Office; Jamaal Boykin is no longer with Boykin–Stevenson & Associates; Kyle Parks is an attorney at Stewart, Johnson, Conner & Manson, LLP; and Jeffrey Daigle is an attorney in private practice in Nashville. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I. Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to

survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II. Factual Allegations**

This is the third complaint filed by the plaintiff alleging essentially identical facts. The "Statement of Claim" section of the form complaint states in full as follows:

> Mindy Mooris – Wrongly charged, False Imprisonment Corruption, Discrimination, Obstruction of Justice.
>
> Martesha Johnson – Misrepresentation, Corruption, Misconduct, and Tampering with Evidence. Two letters with evidence to help my case. She got rid of them. Laura Dykes saw both of the letters. She also sent me a letter to let me know, gave them back to her.
>
> Jamaal Boykin – Misrepresented, Discriminated, didn't file motion I told him. Misconduct, Corruption. Then he lied about the letters.
>
> Jeffery Diagle [sic] – Misrepresented, Discriminated, didn't file motion I wanted. Showed Corruption by telling me he will withdraw instead of filing it. Misconduct.
>
> Kyle Parks – Misrepresented, Corruption did things without my consent and then lied about it. Discrimination not filing the motion I wanted it. Misconduct. The motion they wouldn't file is Bill of Particulars!

(ECF No. 1, at 3–4.) For relief, the plaintiff asks that the defendants be sanctioned and disbarred and to be exposed in the news and social media for their actions. He also seeks monetary compensation for pain and suffering, mental and emotional stress, lost wages from having been falsely imprisoned. He seeks compensation from the defendants' employers "for the malpractices of their employees." (*Id.* at 4.)

**III. Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to

state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Although the plaintiff does not identify Mindy Mooris, the remaining defendants apparently are or were the plaintiff's criminal defense attorneys, one a public defender and the remainder private attorneys. Criminal defense attorneys are not considered state actors for purposes of suit under 42 U.S.C. § 1983. Thus, regardless of whether Plaintiff might be able to bring malpractice claims against these attorneys in state court, he cannot bring suit against them in federal court for violation of his federal constitutional rights. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). The complaint, bringing § 1983 claims against defendants Mindy Mooris, Martesha Johnson, Jamaal Boykin, Jeffery Diagle, Kyle Parks, and their respective employers, will therefore be dismissed for failure to state a claim upon which relief may be granted. An appropriate order is filed herewith.

Kevin H. Sharp

KEVIN H. SHARP
Chief Judge
United States District Court